## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BLUEFIELD DIVISION

**CHRISTOPHER BENSON,**

      **Petitioner,**

**v.**                              **Case No. 1:17-cv-03356**

**BARBARA RICKARD, WARDEN,**
**FCI McDowell,**

      **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Christopher Benson's (hereinafter "Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, as amended (ECF Nos.1, 4, and 9). At the time he filed his initial petition, Petitioner was incarcerated at FCI McDowell in Welch, West Virginia. He is presently incarcerated at FCI Berlin in Berlin, New Hampshire, with a current release date of January 7, 2033.

This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's § 2241 petition (ECF No. 1) and this civil action for lack of jurisdiction.

### BACKGROUND AND PETITIONER'S CLAIM

#### A.    Petitioner's relevant criminal proceedings.

On June 16, 2003, Petitioner was convicted by a jury in the United States District Court for the Eastern District of Michigan on one count of being a felon in possession of

a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count One), one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count Two), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three).   Jury Verdict, *United States v. Benson*, No. 03-cr-80139 (E.D. Mich. June 16, 2003), ECF No. 17.   On February 11, 2004, Petitioner was sentenced to 120 months on Count One, a concurrent term of 240 months on Count Two, and a consecutive term of 120 months on Count Three, for a total term of imprisonment of 360 months, followed by a three-year term of supervised release.   Petitioner's sentence included an enhancement under section 4B1.1 of the United States Sentencing Guidelines ("guidelines") for being a career offender.[1]

On April 6, 2005, the United States Court of Appeals for the Sixth Circuit vacated Petitioner's judgment and remanded the matter for re-sentencing in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).   *United States v. Benson*, No. 04-1312 (6th Cir. Apr. 6, 2005) (docketed as ECF No. 53 in Petitioner's criminal case, 03-cr-80139).   On July 28, 2005, Petitioner was re-sentenced under the advisory guidelines to the same sentences.   *Id.*, ECF No. 62.   Petitioner again appealed to the Sixth Circuit.   His Judgment was affirmed on August 17, 2006, and a mandate issued on September 17, 2006.   *Id.*, ECF Nos. 72, 73.

---

[1]  Section 4B1.1(a) of the guidelines provides that "A defendant is a career offender if (1) the defendant was at least 18 years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

**B.    Petitioner's prior post-conviction filings.**

On July 6, 2006, while his appeal was pending, Petitioner filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 in the sentencing court, raising various claims of ineffective assistance of counsel.  *Id.*, ECF No. 70.  The sentencing court denied the § 2255 motion on February 27, 2007.  *Id.*, ECF No. 81.  The Sixth Circuit denied Petitioner a certificate of appealability and dismissed his appeal on July 17, 2007.  *Id.*, ECF No. 91.

Petitioner also unsuccessfully filed two motions for reduction of sentence under 18 U.S.C. § 3582(c).  *Id.*, ECF Nos. 91, 97, 98, and 101.  On October 23, 2014, the Sixth Circuit denied Petitioner authorization to file a second or successive § 2255 motion asserting a claim based upon *United States v. Descamps*, 133 S. Ct. 2276 (2013).  The appellate court found that *Descamps* addressed a matter of statutory interpretation based upon previously established law and was not a new substantive rule that was retroactively applicable on collateral review.  *In re: Christopher Benson*, No. 14-1802 (6th Cir. Oct. 23, 2014).  *Id.*, ECF No. 96.

**C.    The instant petition for writ of habeas corpus.**

On June 22, 2017, Petitioner filed the instant § 2241 petition (ECF No. 1) and on December 18, 2017, he filed an accompanying memorandum (ECF No. 4).  These documents assert that Petitioner's prior Michigan controlled substance convictions do not qualify as predicate offenses for the career offender enhancement in light of the Supreme Court's decisions in *United States v. Descamps*, 133 S. Ct. 2276 (2013) and *Mathis v. United States*, 136 S. Ct. 2243 (2016), and the United States Court of Appeals for the Fifth Circuit's decision in *United States v. Hinkle*, 832 F.3d 569, 576 (5th Cir. 2016).

On January 13, 2020, Petitioner filed a document seeking to amend his § 2241 petition to add a challenge to the application of the career offender guideline enhancement to his sentence based upon the Sixth Circuit's decision in *United States v. Havis*, 927 F.3d 382, 386 (6th Cir. 2019), which found that attempt crimes do not qualify as controlled substance offenses under the career offender guideline.[2]  Since Respondent has not responded to the petition, the requested amendment is permitted as a matter of course.  *See* Fed. R. Civ. P. 15(a).

Based upon these decisions, Petitioner contends that his prior Michigan controlled substance convictions, which were attempted delivery offenses, are broader than the definition of a controlled substance offense in the career offender guideline, USSG § 4B1.2(b).  Consequently, Petitioner contends that he does not meet the criteria for the career offender enhancement and must be resentenced without it.   Because it is apparent from the face of the amended petition that Petitioner is not entitled to any collateral relief thereon, the undersigned has not required Respondent to respond to the amended petition.

## ANALYSIS

### A.    The petitioner is not entitled to relief under section 2241.

Petitioner's claim clearly challenges the validity of his sentence, and not the manner in which the sentence is being executed.   Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the Eastern

---

2  On February 27, 2020, Petitioner filed another § 2255 motion repeating his *Havis* claim, which is pending before the sentencing court.  *Id.*, ECF No. 102.

4

District of Michigan.    Normally, a § 2255 motion filed in a court other than the

sentencing court should be transferred to the sentencing court.    However, Petitioner has

already unsuccessfully filed a § 2255 motion therein.    Thus, he would likely be

procedurally barred from filing another § 2255 motion without authorization from the

Sixth Circuit under very limited circumstances.    *See* 28 U.S.C. § 2255(h).

28 U.S.C. § 2241 is generally used to address matters concerning the execution of

a federal sentence, and is not an additional, alternative or supplemental remedy to that

provided in § 2255, unless the petitioner can show that the remedy under § 2255 is

inadequate or ineffective to test the legality of the petitioner's detention.    *In re Jones*,

226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to

test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus

pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in

28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is
> authorized to apply for relief by motion pursuant to this section, shall not
> be entertained if it appears that the applicant has failed to apply for relief,
> by motion, to the court which sentenced him, or that such court has denied
> him relief, unless it also appears that the remedy by motion is inadequate
> or ineffective to test the legality of his detention.

This section is known as the "savings clause."    The fact that relief under § 2255 is

procedurally barred does not render such remedy inadequate or ineffective to test the

legality of a petitioner's detention.    *Id.* at 332.    Thus, the fact that Petitioner's prior §

2255 motions were denied will not permit this court to review his claim under section

2241.

Accordingly, before considering Petitioner's § 2241 petition on its merits, this court

must first determine whether the remedy under § 2255 is inadequate or ineffective to test

the legality of Petitioner's detention in order that he may pursue such relief under § 2241.

Recently, the United States Court of Appeals for the Fourth Circuit modified its test to

determine whether the remedy under section 2255 is inadequate or ineffective with

respect to sentencing challenges as follows:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court
> established the legality of the sentence; (2) subsequent to the prisoner's
> direct appeal and first § 2255 motion, the aforementioned settled
> substantive law changed and was deemed to apply retroactively on collateral
> review; (3) the prisoner is unable to meet the gatekeeping provisions of §
> 2255(h)(2) for second or successive motions; and (4) due to this retroactive
> change, the sentence now presents an error sufficiently grave to be deemed
> a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018).    In interpreting the phrase "this

circuit," the Fourth Circuit has held that it is the law of Petitioner's circuit of conviction

and sentencing, which in this case is the Sixth Circuit, that controls.    *See Hahn v.

Moseley*, 931 F.3d 295, 301 (4th Cir. 2019) ("In evaluating substantive claims under the

savings clause, we look to the substantive law of the circuit where a defendant was

convicted.")

### *Descamps/Mathis/Hinkle claim*

Here, Petitioner contends that the Supreme Court's decisions in *Descamps* and

*Mathis*[3] are new interpretations of statutory law, issued after his opportunity to file a

---

3  In *Descamps* and *Mathis*, which were both direct appeals, the Supreme Court addressed the proper application of the categorical and modified categorical approaches to determine whether a prior conviction qualifies as a predicate offense for an enhanced sentence under the Armed Career Criminal Act.    The Court made it clear that these decisions were dictated by, and mere clarifications of, prior controlling case law. Petitioner asserts that his prior Michigan controlled substance conviction does not fit the guideline definition of a controlled substance offense under the principles set forth in *Descamps* and *Mathis*.

direct appeal and a timely § 2255 motion and, thus, § 2255 is inadequate or ineffective to test the legality of his detention.   Specifically, Petitioner's memorandum contends that "[n]owhere in USSG 4B1.2(b) is there is any mention of a 'delivery' element" and that the governing statute for his prior Michigan controlled substance offenses defines "delivery" to include the "attempted transfer from one person to another[,]" which is broader than the guideline definition.   (ECF No. 5 at 9).   Thus, Petitioner contends that his prior Michigan controlled substance offenses cannot serve as predicate offenses for the career offender enhancement and that his sentence was improperly enhanced thereby.

Petitioner also relies upon the United States Court of Appeals for the Fifth Circuit's decision in *United States v. Hinkle*, 832 F.3d 569, 576 (5th Cir. 2016), which was a direct appeal relying on *Mathis* to conclude that a prior Texas controlled substance offense was broader than the definition of a controlled substance offense contained in the career offender guideline.   Therefore, the Fifth Circuit vacated a sentence for resentencing without the career offender enhancement.   Petitioner contends that he should be similarly resentenced.

Although Petitioner appears to be asserting that, pursuant to *Descamps* and *Mathis*, there has been an intervening change in substantive law that retroactively affects his case, those decisions involve a purely procedural rule that was controlling at the time of Petitioner's sentencing, and those decisions have not been made retroactive on collateral review.   Additionally, Petitioner may not rely upon *Hinkle*, as it is not a decision by his governing court of appeals.   *See Hahn*, 931 F.3d at 301.

Courts within the Fourth Circuit, where Petitioner is incarcerated, and the Sixth Circuit, where he was convicted, have found that *Descamps* and *Mathis* do not represent

a substantive change in the law.   *See, e.g., Adams v. Coakley*, No. 1:17-cv-180, 2019 WL 3428549, at *2 (N.D. W. Va. July 30, 2019) (collecting cases finding that *Mathis* is not retroactively applicable on collateral review); *Copeland v. Kassell*, 733 F. App'x 717 (4th Cir. 2018) (per curiam) (affirming dismissal of § 2241 petition because *Mathis* does not apply retroactively); *United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014) (*Descamps* did not announce a new rule that is retroactively applicable on collateral review);. *Thompson v. Terris*, No. 2:17-cv-10048, 2017 WL 2832560, at *5 (E.D. Mich. June 30, 2017), *aff'd*, No. 17-1837, 2018 WL 3570974 (6th Cir. May 21, 2018) ("numerous judges in this district have concluded that *Mathis* likewise did not create a new rule of law made retroactively applicable on collateral review"); *Sandlain v. United States*, No. 14-cr-20283, 2017 WL 2002005, at *5 (E.D. Mich. May 12, 2017); *but see Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016) (applying *Descamps* retroactively in collateral challenge to mandatory guideline career offender enhancement after government's concession thereto).

Rather, those cases set forth "a procedural rule that has not been made retroactive on collateral review."   *Adams*, 2019 WL 3428549, at *2; *Smalls v. Warden, FMC Butner*, No. 5:17-HC-2117-FL, 2019 WL 722571, * 3 (E.D.N.C. Feb. 20, 2019) (finding § 2241 petitioner could not meet second prong of *Wheeler* standard because *Descamps* and *Mathis* are not substantive decisions that are retroactive on collateral review).   Thus, these cases do not represent a change in substantive law that would apply retroactively on collateral review.   Accordingly, Petitioner cannot meet the second prong of the *Wheeler* test based upon those decisions

*Havis claim*

Petitioner further contends that the Sixth Circuit's en banc decision in *United States v. Havis,* 927 F.3d 382, 386 (6th Cir. 2019), renders his career offender enhancement invalid.  In *Havis*, the Sixth Circuit held that the guideline definition of "controlled substances offense" does not include attempt crimes because the Sentencing Commission overstepped its authority when it expanded the applicability of USSG § 4B1.2(b) in the commentary thereto to include attempt offenses without subjecting the rule to congressional review or notice and comment.  *Id.* at 386-87.  However, *Havis*, which was also a direct appeal, has not been determined to be retroactive on collateral review.  *See, e.g., Chapman v. Terris*, No. 19-11247, 2019 WL 5733708, *2 (E.D. Mich. Nov. 5, 2019) (*Havis* has not been made retroactive on collateral review, and relied on the Administrative Procedures Act, not *Mathis* or *Descamps*); *Goddard v. United States*, 2019 WL 3290118, at *3 (E.D. Ky. July 22, 2019) .

Nonetheless, even if Petitioner could satisfy the second prong of *Wheeler* by demonstrating that any of the decisions upon which he relies is a retroactive substantive change in the law, he cannot satisfy the fourth prong, which requires a showing that his sentence now presents an error sufficiently grave to be deemed a fundamental defect. *See Lester v. Flournoy*, 909 F.3d 708, 715 (4th Cir. 2018).  In *Lester*, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-*Booker*, when the guidelines were mandatory.  *Id.* at 714.

However, the *Lester* Court explicitly noted that, had Lester's career offender misclassification occurred under the post-*Booker*, advisory guidelines, which "lack legal force," his petition would have been barred as failing to meet the fourth *Wheeler* prong.

*Id*. at 715 ("*Foote*4  undoubtedly would bar Lester's petition had he been sentenced under

the advisory Guidelines."). The court found that "an erroneous advisory Guidelines

classification [i]s unlike a violation of a statute or constitutional provision." *Id*. Rather,

under the advisory Guidelines, "the district court not only ha[s] discretion to decide

whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." *Id*. The

*Lester* Court further recognized that "the savings clause should provide only the tightest

alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the

prisoner can't successfully challenge his sentence under that provision." *Id*. at 716.

The Sixth Circuit has also recognized that sentencing relief under the savings

clause is unavailable to prisoners who were sentenced post-*Booker*. *See Hill v. Masters*,

836 F.3d 591, 599-600 (6th Cir. 2012); *Cardona v. Joyner*, No. 7:20-cv-00035-GFVT,

2020 WL 2089818, at *3 (E.D. Ky. Apr. 30, 2020) (defendant re-sentenced to identical

sentence under an advisory sentencing regime could not satisfy savings clause). Thus,

even if the career offender guideline was misapplied in his case, because Petitioner was

re-sentenced under the post-*Booker*, advisory guidelines, he cannot satisfy the fourth

*Wheeler* prong of demonstrating that such error was a fundamental defect, and, therefore,

he fails to satisfy the § 2255(e) savings clause.

---

4  In *United States v. Foote*, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit addressed whether a claim
that the defendant was misclassified as a career offender under the advisory Guidelines was cognizable
under § 2255. The *Foote* Court concluded that such a claim was not cognizable under § 2255. 784 F.3d
at 932. The court recognized that "§ 2255 does not allow for a court's consideration and correction of *every*
alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor
jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which
inherently results in a complete miscarriage of justice.'" *Id*. at 936 (quoting *Davis v. United States*, 417
U.S. 333, 346 (1974)). The *Foote* Court ultimately concluded that the misclassification of a petitioner as a
career offender under the advisory Guidelines does not result in a fundamental defect that inherently results
in a miscarriage of justice. *Id*. at 940, 944.

**B.      Petitioner's petition is not appropriate for transfer.**

Furthermore, as noted above, the savings clause contained in section 2255(e) cannot be used to circumvent the stringent gatekeeping requirements and procedural bars of § 2255, and will not permit review of Petitioner's claim by this court under § 2241. In light of the fact that Petitioner has already unsuccessfully challenged his sentence in a prior § 2255 motion, he is likely barred from pursuing his claim under § 2255 now, absent authorization by the Sixth Circuit under the narrow parameters of 28 U.S.C. § 2255(h). While this court could construe Petitioner's petition as a § 2255 motion and transfer it to his sentencing court, such action would be futile because the motion would be another unauthorized second or successive motion.

The undersigned proposes that the presiding District Judge **FIND** that Petitioner has failed to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claim is not proper for consideration under 28 U.S.C. § 2241. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review Petitioner's claim contained in his § 2241 petition.

## <u>RECOMMENDATION</u>

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and this civil action for lack of jurisdiction.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.    Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and

8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   A copy of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to Petitioner.

May 15, 2020

_____
Dwane L. Tinsley
United States Magistrate Judge

12